** Summary **
PAID TIME OFF WORK TO VOTE Title 26 O.S. 438 [26-438] (1971), requires employers to pay employees for the statutory time they take from work to vote. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Does 26 O.S. 438 [26-438] (1971), require that an employer pay employees for the statutory time they take from work in order to vote? The statute to which you refer provides as follows: "Every corporation, firm, association or individual who, on election day, has an elector employed or in his service, and every foreman, superintendent or other person in charge of employees, shall grant each of said employees two hours of time during the period when the election is open in which to vote, and if such employee be in the county or at such distance from the voting place that more than two hours are required in which to attend such elections, then he shall be allowed a sufficient time in which to cast his ballot; and such corporation, firm, or association, individual, foreman, superintendent or other person in charge of such laborers, shall select the hours which such employees are to be allowed in which to attend such elections, and shall notify each of the employees which hours they are to have in which to vote, and any corporation, firm or association, individual, foreman or superintendent who fails to so notify such employees as herein provided, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than fifty nor more than five hundred dollars for each elector whom they failed to so notify, and any individual with such electors employed, or foreman or superintendent, who fails to so notify such employee, shall in addition to said fine, be, upon conviction, imprisoned in the county jail not less than two nor more than six months." Section 26 O.S. 438 [26-438] insures that employees have an opportunity to exercise their constitutional right to vote. Since the statute does not expressly speak on the point in question, it is necessary to ascertain the legislative intent and purpose in enacting same. Our research has found no court construction of any other state statute worded like that of Oklahoma. However, the constitutionality of state legislation requiring employers to pay employees for time taken from work in order to vote has been ruled on by the United States Supreme Court in the case of Day-Brite Lighting, Inc. v. State of Missouri, 342 U.S. 421,96 L.Ed. 469, 72 S.Ct. 405 (1952). In discussing the intent behind such a statute, the Court stated: "It is designed to eliminate any penalty for exercising the right of suffrage and to remove a practical obstacle to getting out the vote. The public welfare is a broad and inclusive concept. The moral, economic, and physical well-being of the community is one part of it; the political well-being, another. The police power which is adequate to fix the financial burden for one is adequate for the other. The judgment of the legislature that time out for voting should cost the employee nothing may be a debatable one. It is indeed conceded by the opposition to be such. But if our recent cases mean anything, they leave debatable issues as respects business, economic, and social affairs to legislative decision. We could strike down this law only if we returned to the philosophy of the Lochner, Coppage, and Adkins cases. "The classification of voters so as to free employees from the domination of employers is an attempt to deal with an evil to which the one group has been exposed. The need for that classification is a matter for legislative judgment. . . ." It was determined that the purpose of the Missouri legislation was to safeguard the right of suffrage by taking from employers the incentive and power to use economic leverage to influence the employees' vote. The protection of the right of suffrage is basic and fundamental. Section 438 of the Oklahoma law is not identical to the Missouri statute. It does not expressly provide for payment for time taken to vote. However, it is evident that said section does confer a benefit upon employees. The nature of that grant needs to be more closely examined. The word "grant," as used in Section 438, is defined as the conferring of something by one person upon another. Nicholas Co. v. United States,249 U.S. 34, 63 L.Ed. 461, 39 S.Ct. Rep. 218. The Legislature, in granting employees two hours in which to vote, did not confer upon said employees the right to vote, that right already being constitutionally guaranteed. In requiring employers to grant employees two hours in which to vote it is clear the Legislature intended to insure the employees' right to vote by preventing the employer from adversely influencing the employees in the exercise of their franchise. To allow employers to penalize employees in any way for exercising their franchise to vote would, in effect, nullify the purpose of Section 438. Any action which involves a disadvantageous consequence to the elector, including not paying him for time taken from work to vote, would be in the nature of a penalty and would abrogate that benefit conferred upon him by Section 438. It is a well-recognized rule of statutory construction that laws relating to elections should be liberally construed so as to effectuate their object of securing to all citizens possessing the necessary qualifications, the right to cast their votes for candidates of their choice. 29 C.J.S. Elections, 191; City of Tecumseh v. City of Shawnee,297 P. 285, 148 Okl. 128. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Title 26 O.S. 438 [26-438] (1971), requires employers to pay employees for the statutory time they take from work to vote. (Mike D. Martin)